UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BEVERLY ELIZANDO,

    Plaintiff,                                 CIVIL ACTION NO. 06-15029

  v.                                        DISTRICT JUDGE VICTORIA ROBERTS
                                             MAGISTRATE JUDGE DONALD A. SCHEER

COMMISSIONER OF
SOCIAL SECURITY,

    Defendant.
_____/

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

RECOMMENDATION: The parties' respective Motions for Summary Judgment should be DENIED, and the case REMANDED to the Commissioner for further proceedings, to include vocational expert testimony, in order determine whether jobs existed in the national economy that claimant could perform, given her severe exertional limitations from October 2001 through November 2003.

\* \* \*

    Plaintiff filed an application for Social Security disability insurance benefits on March 18, 2003, alleging that she had become disabled and unable to work on October 4, 2001, at age 53, due to bilateral wrist pain and tenderness. The claimant subsequently amended her application to request a closed period of disability from October 2001 through November 4, 2003. Benefits were denied by the Social Security Administration. A requested de novo hearing was held on November 9, 2005, before Administrative Law Judge (ALJ) Eve Godfrey. The ALJ found that the claimant retained the residual functional capacity to perform her past relevant work as an assembler, fast food worker, cashier or

office helper from October 4, 2001 through November 4, 2003. The Appeals Council declined to review that decision and Plaintiff commenced the instant action for judicial review of the denial of benefits. The parties have filed Motions for Summary Judgment and the issue for review is whether Defendant's denial of benefits was supported by substantial evidence on the record.

Plaintiff was 57 years old at the time of the administrative hearing. She had been graduated from high school, and had worked during the relevant past as an assembler, fast food worker, cashier and office helper (TR 65). In each of these jobs, the claimant stood for most of the workday. She had to constantly bend down and reach over her head. Plaintiff was sometimes required to lift upwards of 50 pounds on a regular basis (TR 69-74).

Claimant testified that he was disabled from October 4, 2001 through November 4, 2003, when she was able to return to full time work, as a result of severe wrist pain and tenderness (TR 136, 143). During the relevant period, the claimant was allegedly unable lift more than 10 pounds, or do any pushing and pulling (TR 143). She did not take any pain medications because she was unable to afford to purchase them (TR 137, 146-147). Plaintiff explained that wrist pain prevented her from opening jars or buttoning her clothing (TR 144). The claimant added that she depended on her mother to prepare all her meals, perform the household chores and mow the lawn (TR 145).

Dr. George Weilepp, a medical advisor, reviewed the medical record and testified that the claimant's connective tissue disorder did not meet or equal the Listing of Impairments (TR 138). The medical advisor stated that Plaintiff could return to light work activity provided that she was not required to perform frequent kneeling, crawling or squatting. The claimant was also unable to continuously grip, pinch or transfer objects,

**2**


particularly with her left arm.  Dr. Weilepp added that Plaintiff was unable to handle vibrations, temperature extremes or industrial driving.  Consequently, the doctor recommended that the claimant avoid unprotected heights and climbing ladders (TR 136, 138-140).

A Vocational Expert (VE), Gloria Lasoff, classified Plaintiff's past work as light, semi-skilled and unskilled activity (TR 141).  The witness testified that the claimant could not perform her past work as an assembler, fast food worker or cashier because they required constant or continuous gripping and grasping (TR 142).  The VE stated that the claimant could return to her job as an office helper, despite the fact that she would be required to perform frequent fingering and handling (TR 142).

LAW JUDGE'S DETERMINATION

The Administrative Law Judge found that Plaintiff was  impaired as a result of bilateral wrist pain and tenderness from October 2001 through November 4, 2003, but that she did not have an impairment or combination of impairments severe enough to meet or equal the Listing of Impairments. The ALJ recognized that the claimant's impairment during the relevant period precluded her from performing jobs requiring her to lift more than 20 pounds, and from kneeling, crawling or squatting for prolonged periods. The Law Judge also found that Plaintiff could not tolerate any repetitive gripping, pinching, transferring, driving or exposure to vibrations.  He further determined she could not work at temperature extremes or at unprotected heights.  Nevertheless, the ALJ found that the claimant retained the residual functional capacity between October 4, 2001 and November 4, 2003 to return to her past work as a fast food worker, cashier, assembler and office helper.

STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), this court has jurisdiction to review the Commissioner's decisions.  Judicial review of those decisions is limited to determining whether her findings are supported by substantial evidence and whether she employed the proper legal standards.  Richardson v. Perales, 402 U.S. 389, 401 (1971).  Substantial evidence is more than a scintilla but less than a preponderance. It is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.  See Kirk v. Secretary, 667 F.2d 524, 535 (6th Cir. 1981), cert. denied, 461 U.S. 957 (1983). This court does not try the case de novo, resolve conflicts in the evidence, or decide questions of credibility.  See Brainard v. Secretary, 889 F.2d 679, 681 (6th Cir. 1989); Garner v. Heckler, 745 F.2d 383, 387 (6th Cir. 1984).

In determining the existence of substantial evidence, the court must examine the administrative record as a whole.  Kirk, 667 F.2d at 536. If the Commissioner's decision is supported by substantial evidence, it must be affirmed even if even substantial evidence also supports the opposite conclusion, Mullen v. Bowen, 800 F.2d 535, 545 (6th Cir. 1986) (en banc), Casey v. Secretary, 987 F.2d 1230 (6th Cir. 1993), and even if the reviewing court would decide the matter differently, Kinsella v. Schweiker, 708 F.2d 1058, 1059 (6th Cir. 1983).

If the Commissioner's decision is not supported by substantial evidence, the court can reverse the decision and award benefits, but only if (1) there is an adequate record, Mowery v. Heckler, 771 F.2d 966, 973 (6th Cir. 1985); (2) there are no unresolved, essential factual issues, Faucher v. Secretary, 17 F.3d 171, 176 (6th Cir. 1994); and (3) the record "compels" the conclusion that a plaintiff has established legal entitlements to benefits.  INS

**4**

v. Elias-Zacarias, 502 U.S. 478, 481 n.1 (1992)(emphasis in original).  If these conditions are not met, the court may not award benefits and must remand the case under sentence four of 42 U.S.C. § 405(g)[1] for additional fact finding.

DISCUSSION AND ANALYSIS

The Commissioner employs a five step sequential evaluation process to determine disability.  If the Commissioner finds claimant to be disabled or not disabled at any point in the review, no further determination is required. 20 C.F.R. § 404.1520(a) (2006).  Under this analysis, the Commissioner must determine whether a claimant (1) is engaged in substantial gainful activity, (2) has a severe impairment or combination of impairments, (3) meets or equals an impairment listed in the appropriate appendix, (4) is prevented by her impairment or combination of impairments from engaging in her relevant past employment, or (5) has the ability to engage in other gainful activity considering her age, education, past relevant experience, and residual functional capacity.

In the instant case, the Law Judge terminated the sequential evaluation process at step four when he found that Plaintiff remained capable of returning to her past work as an assembler, fast food worker, cashier or office helper during from October 4, 2001 through November 4, 2003.  The fourth step in the sequential disability evaluation process is a determination of whether the claimant can perform her past work held within the past fifteen years.  20 C.F.R. § 404.1565 (2006).  The 15-year guide is intended to insure that remote work experience is not considered since a gradual change occurs in most jobs so that after

---

[1]Sentence four of 42 U.S.C. 405(g) states:

> The court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing.

5

15 years it is no longer realistic to expect that skills and abilities acquired in that job continue to apply. Id.

I am persuaded that substantial evidence does not exist on the record that Plaintiff remained capable of returning to her past work as an assembler, fast food worker, cashier or office helper from October 4, 2001 through November 4, 2003. In fact, the Commissioner admitted that the Law Judge erred when he found that Plaintiff could perform her past relevant work as an assembler, fast food worker and cashier (See footnote 2 of Defendant's Motion for Summary Judgment). The Commissioner acknowledged that the Vocational Expert had ruled out these three jobs because they required constant or continuous gripping and grasping (TR 142).

While the Law Judge found that Plaintiff also remained capable of returning to her past work as an office helper during the relevant past, there is no indication in the record of exactly when, or for how long, the claimant worked at this job[2]. If she was employed as an office helper prior to 1991[3], such remote work experience cannot be considered, according to the SSA regulations, because any skills or abilities acquired from this job would be expected to have degraded. See 20 C.F.R. § 404.1565 (2006).

The Court has the power to affirm, modify, reverse or remand an action after acquiring subject matter jurisdiction to review a final decision of the Commissioner. 42 U.S.C. § 405(g) (1982). This statute authorizes the Court to remand the case for additional

---

[2]In an April 2003 work history report, Plaintiff indicated that she had been employed as an office worker by Renco Plastics, but she was unable to remember the exact date of such employment (TR 68). Plaintiff later testified that she performed the office work after 1988, but she did not provide further specifics concerning the length or time period of this job (TR 141).

[3]Since the ALJ's decision is dated February 2006, the fifteen year guidepost for past work experience would extend back to February 1991.

6

administrative action where, as here, there is a reasonable probability that the Commissioner might reach a different disposition of the disability claim.  See Carroll v. Califano, 619 F.2d 1157, 1162 (6th Cir. 1980).  The ALJ clearly erred in finding that Plaintiff could return to her past work as an assembler, fast food worker and cashier given her inability to constantly grip and grasp objects.  Since it remains unknown when, or for how long, she worked as an office helper, the instant case should be remanded to the Commissioner for further administrative proceedings. The remand will permit the SSA to determine whether the office helper job was too remote to be considered past relevant work experience. If so, then the remand will allow additional vocational expert testimony as to whether alternative jobs accommodating Plaintiff's limitations existed in the national economy between October 2001 through November 4, 2003, accommodating her known functional limitations.[4]

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further right of appeal.  United States v. Walters, 638 F.2d 947 (6th Cir. 1981), Thomas v. Arn, 474 U.S. 140 (1985), Howard v. Secretary of HHS, 932 F.2d 505 (6th Cir. 1991).  Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. Smith v. Detroit Fed'n of Teachers Local 231, 829 F.2d 1370, 1373 (6th Cir. 1987), Willis v. Secretary of HHS, 931 F.2d 390, 401 (6th Cir. 1991).  Pursuant to Rule

---

[4]The fact that no physician of record found her totally disabled precludes a judicial award of benefits as the proof of disability was not "overwhelming". See Faucher v. Secretary of Health and Human Services, 17 F.3d 171, 175 (6th Cir. 1994).

72.1 (d)(2) of the <u>Local Rules of the United States District Court for the Eastern District of Michigan</u>, a copy of any objections is to be served upon this Magistrate Judge.

Within ten (10) days of service of any objecting party's timely filed objections, the opposing party may file a response.  The response shall address specifically, and in the same order raised, each issue contained within the objections.

                              s/Donald A. Scheer  
                              DONALD A. SCHEER  
                              UNITED STATES MAGISTRATE JUDGE  

DATED: April 26, 2007

_____

## CERTIFICATE OF SERVICE

I hereby certify on April 26, 2007 that I electronically filed the foregoing paper with the Clerk of the Court sending notification of such filing to all counsel registered electronically.  I hereby certify that a copy of this paper was mailed to the following non-registered ECF participants on April 26, 2007. **None.**

                              s/Michael E. Lang  
                              Deputy Clerk to  
                              Magistrate Judge Donald A. Scheer  
                              (313) 234-5217